UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DEBRA C., <br>       Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner <br> of the Social Security Administration, <br>       Defendant. | ) <br> ) <br> ) <br> ) CAUSE NO.: 2:21-CV-119-JVB <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

Plaintiff Debra C. seeks judicial review of the Social Security Commissioner's decision partially denying her applications for widow's insurance benefits and supplemental security income and asks this Court to reverse that decision and remand this matter for an award of benefits or, in the alternative, for further administrative proceedings. For the reasons below, this Court grants Plaintiff's alternative request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

**PROCEDURAL BACKGROUND**

In Plaintiff's November 28, 2018 application for benefits, she alleged that she became disabled on July 21, 2014, a date which she later amended to October 1, 2015. After an October 8, 2020 hearing, the Administrative Law Judge (ALJ) issued his decision on November 25, 2020, finding that Plaintiff had the severe impairments of osteoarthritis; cervical radiculopathy; obesity; major depressive disorder and generalized anxiety disorder. (AR 18). The ALJ also determined that Plaintiff had several nonsevere impairments: bicipital tendinitis of the left shoulder, migraine, carpal tunnel syndrome right and left, and cervical disc disorder. (AR 18). The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals

an impairment the Commissioner considers conclusively disabling. (AR 18). The ALJ next found that since October 1, 2015, Plaintiff had the residual functional capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps and stairs and ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch and crawl and avoid concentrated exposure to wetness, vibration, fumes, odors, dust, gases, poor ventilation, and hazards. Further, the claimant can understand, remember and carryout simple instructions; can make judgments commensurate with the functions of unskilled, simple, repetitive tasks; can respond appropriately to brief supervision and interactions with coworkers and work situations and can deal with changes in a routine work setting.

(AR 19-20). The ALJ determined that Plaintiff could not perform any past relevant work but also determined that, prior to October 1, 2020, Plaintiff could perform the representative occupations of routing clerk, marking clerk, and collator operator. (AR 25-26). The ALJ continued, finding that Plaintiff became disabled on October 1, 2020, but was not disabled prior to that date. (AR 26). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ committed reversible error by failing to account for various limitations that Plaintiff contends are well-supported by the evidence. The Court finds Plaintiff's argument well-taken regarding her migraine headaches and on that basis remands this matter for further administrative proceedings.

Plaintiff alleges that she suffers from migraine headaches and that she has had the headaches since 2014. (AR 288). The headaches are associated with anxiety and panic attacks, and they limit her ability to function and cause sensitivity to light, sound, talking, television, and stress. (AR 214). The triggers include sound, light, smells, and stress, and the migraines cause pain and shivering and last from hours to days. (AR 214, 288). She stated that she treats her headaches by staying in a dark room. (AR 286).

The ALJ found Plaintiff's migraines not to be a severe impairment. (AR 18). The ALJ cited the following evidence in making this finding: her headaches were noted to be associated with lack of sleep and stress, (AR 571, 573), a May 2020 24-hour EEG was normal (AR 831-32), and a CT scan of Plaintiff's head demonstrated no acute intracranial process, (AR 833). The ALJ cited to no evidence of record that suggests Plaintiff's does not experience headaches or that they have not bothered her since her alleged onset date.

Though the evidence reports that Plaintiff's headaches are associated with lack of sleep and stress, the examination report indicates that she has been experiencing the headaches for five years. (AR 571, 573). The Court is unaware of any legal authority or medical evidence in this case suggesting that Plaintiff's headaches cannot be a severe impairment or affect her ability to perform fulltime work because the cause of her headaches is known. Further, the ALJ does not explain how a normal EEG and normal CT scan undermine the alleged severity of Plaintiff's headaches.[1]

The ALJ appears to have interpreted the EEG and CT scan as indicating that Plaintiff does not have severe headaches, but the ALJ is not allowed to make such medical determinations. "[A]dministrative law judges of the Social Security Administration[] must be careful not to succumb to the temptation to play doctor. . . . Common sense can mislead; lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990); *see also, e.g.*, *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

The Commissioner argues that Plaintiff's diagnosis and treatment for her headaches began in 2020, so the durational aspect of the migraines supports a nonsevere finding. However, the ALJ did not indicate that he was finding the headaches nonsevere due to a failure to meet the durational requirement, so the Commissioner may not defend the ALJ's decision on this ground. *SEC v.*

---

[1] The undersigned is also not a medical professional but notes that it is possible the EEG and CT scan were ordered to rule out other causes for Plaintiff's headaches. In other words, it is possible that—contrary to what the ALJ appears to have assumed—a normal result does not to establish the absence of migraines. *See Migraines: Diagnosis*, MAYO CLINIC https://www.mayoclinic.org/diseases-conditions/migraine-headache/diagnosis-treatment/drc-20360207 (last visited Sept. 2, 2022) ("tests to rule out other causes for your pain might include . . . [c]omputerized tomography (CT) scan"); *EEG (electroencephalogram)*, MAYO CLINIC https://www.mayoclinic.org/tests-procedures/eeg/about/pac-20393875 (last visited Sept. 2, 2022) ("An EEG can find changes in brain activity that might be useful in diagnosing brain disorders, especially epilepsy or another seizure disorder. An EEG might also be helpful for diagnosing or treating brain tumors, brain damage from head injury, brain dysfunction . . . , sleep disorders, inflammation of the brain . . . , stroke, sleep disorders, Creutzfelt-Jakob disease.").

*Chenery Corp.*, 318 U.S. 80, 87-88 (1943); *see also Parker v. Astrue*, 597 F.3d 920, 923 (7th Cir. 2010) (applying the *Chenery* doctrine in the social security context). Further, the evidence from 2020 cited indicates that Plaintiff's headaches have been occurring for six years. (AR 822). Plaintiff's Headache Questionnaire was completed in February 2019, in which she indicated that she went to the emergency room for headache treatment in 2014, 2015, 2016, and 2017. (AR 286). Later in his decision, that ALJ identifies that Plaintiff saw Dr. J. Ungar for head pain that began in 2014, but the ALJ merely repeats that the EEG and CT scan had normal findings. (AR 21).

With no more analysis or citation to the record provided, the ALJ has not cited to substantial evidence supporting his decision that Plaintiff's headaches are not severe and has not built the requisite logical bridge between the evidence and his conclusion. Given Plaintiff's allegations of the severity of her headaches, if the ALJ had found them to be a severe impairment and incorporated appropriate limitations in Plaintiff's RFC, the ALJ's decision could well have had a different result. The ALJ's error is not harmless. *See Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021) (describing the harmless error standard). Thus, remand is required.

Though Plaintiff has requested remand for an award of benefits, the appropriate relief is the alternative request for remand for further administrative proceedings because the Court cannot say that "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the alternative relief requested in Plaintiff's Brief in Support of Complaint, **REVERSES** the decision of the Commissioner of the

Social Security Administration, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on September 6, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT